IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jennifer Rodríguez Hernández, personally and on behalf of minor GPR,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 25-cv-1308<br><br><br>Attorney's Fees and Costs pursuant to<br>20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1. This action is brought by Mrs. Jennifer Rodríguez Hernández, both personally and on behalf of her minor daughter, GPR, to recover attorney's fees and costs.

2. GPR is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3. This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

Verified Complaint
Case No. 25-cv-1308

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

6. Plaintiff Mrs. Jennifer Rodríguez Hernández is the mother and legal custodian of minor GPR. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Jennifer Rodríguez Hernández on June 10, 2025.

7. Plaintiff GPR is an eighteen (18) year old student who is diagnosed with autism, obsessive compulsive disorder, metabolic disorder, asthma, among other conditions that require specialized education and related services to be able to receive free appropriate public education.

8. GPR resides with her parents in the Municipality of Moca, Puerto Rico, with the following postal address: PO Box 2832, Moca,

PR 00676.

9. GPR is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with registration number 24325662 and is registered in the PRDOE's Moca District, Mayagüez Region.

10. As a child with disabilities, GPR is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11. Plaintiffs respectfully request that this Honorable Court order defendants to pay the attorney's fees and costs to which they are entitled as prevailing parties in administrative due process case number QEE-2425-20-09-00581, as well as those incurred in prosecuting the instant action.

12. The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13. As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor GPR, a child with disabilities.

14. The physical address of the PRDOE is Urbanización

Verified Complaint
Case No. 25-cv-1308

Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, P.R., 00918, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

**STATEMENT OF THE CASE**

17. On September 10, 2024, plaintiffs filed administrative due process complaint number QEE-2425-20-09-00581, asserting that the PRDOE had failed to provide GPR with a free appropriate public education (FAPE) for the 2022-2023, 2023-2024 and 2024-2025 school years.

18. Plaintiffs requested an order mandating the development of an IDEA-compliant Individualized Education Program (IEP) for the 2024-2025 school year, GPR placement, at public cost, in the private educational institution Mayagüez Academy for the 2024-2025 school year, multiple special education related and supplementary

4

services, compensatory services, and a certified copy of GPR's academic record.

19. The case was originally presided by hearing officer Wanda Marín Lugo, Esq. and later reassigned by the PRDOE to hearing officer Wilmarie Santoni Cruz, Esq.

20. During the administrative case, the PRDOE issued an official letter approving GPR's placement at Mayagüez Academy, a private school, for the entire 2024-2025 academic year at public expense, and provided the special education related and supplementary services, assessments and compensatory educational and related services sought in the administrative complaint.

21. On May 15, 2025, ALJ Santoni issued a Final Resolution and Order recognizing that during the administrative proceedings plaintiffs had obtained all the relief sought in the due process complaint and directing the PRDOE to provide GPR with two full years plus 62 days of compensatory education.

22. As a result of the filing of the due process complaint and the ensuing litigation in administrative case number QEE-2425-20-09-00581, plaintiffs succeeded in securing all special education and related services to which GPR was entitled under federal law.

23. The final resolution and order issued by ALJ Santoni on

May 15, 2025, has not been appealed by the PRDOE and, as a result, will soon become final.

24. Having secured the relief sought in due process case number QEE-2425-20-09-00581 as a direct result of the filing of the due process complaint and the ensuing litigation, plaintiffs have established their status as the prevailing party.

25. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(B), plaintiffs are entitled to recover the attorney's fees and costs incurred during the administrative proceedings, as well as all additional fees and costs associated with this litigation.

## CAUSE OF ACTION

26. Plaintiffs re-allege and incorporate paragraphs 1 through 25 of this Verified Complaint.

27. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

28. The relief sought in the administrative proceeding was obtained as a direct result of the due process complaint and/or was granted by the hearing officer, thereby establishing plaintiffs as the prevailing party. Consequently, plaintiffs are

Verified Complaint
Case No. 25-cv-1308

entitled to recover attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

29. Plaintiffs seek an award of attorney's fees and costs incurred in connection with administrative case number QEE-2425-20-09-00581, as well as all additional fees and costs to be incurred throughout the course of this litigation until its final resolution.

30. Attached to this Verified Complaint is a detailed invoice for the legal services provided up to date by plaintiffs' counsel in administrative case QEE-2425-20-09-00581, and in the preparation and filing of the instant case complaint. See **Exhibit 2,** invoice number 16560.

31. All costs and time entries itemized in Exhibit 2 were necessarily incurred in preparing for and successfully prosecuting administrative case QEE-2425-20-09-00581, as well as in the initiation of this civil action.

32. The hourly rate charged for the services provided by the undersigned attorney is $175.00 per hour, charged in increments of one tenth of an hour (.10).

33. The undersigned attorney's previous hourly rate of $150.00 was established in the early 2010s and consistently upheld by this Honorable Court as reasonable and appropriate for special

Verified Complaint
Case No. 25-cv-1308

education litigation in Puerto Rico throughout the past decade. See, Ortiz-Cardona v. Department of Education of Puerto Rico, No. 15-3121 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Santoni-Marzán v. Department of Education of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Department of Education of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

34. The undersigned attorney is a sole practitioner with twenty-one years of experience actively litigating civil cases in federal and state courts.

35. In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

36. The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

37. The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

38. On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

39. The undersigned was admitted to practice before this District Court on June 25, 2004 (Bar No. 221714), and before the U.S. Court of Appeals for the First Circuit on September 13, 2004 (Bar No. 100945).

40. Since 2004, the undersigned has actively litigated cases in federal and state courts.

41. As of this date, the undersigned serves as counsel in multiple reported cases before this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R.

Verified Complaint
Case No. 25-cv-1308

July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No.

Verified Complaint
Case No. 25-cv-1308

KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

42. For seventeen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums across the Island, as well as in local and federal courts. See, e.g., Rojas-Mercado v. PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

43. Plaintiffs' counsel has litigated three IDEA cases

11

Verified Complaint
Case No. 25-cv-1308

before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

    44. Considering the undersigned attorney's educational background, practical experience, the current inflationary period, and the rising costs of living and doing business in Puerto Rico, the $175.00 hourly rate should be deemed reasonable by this Honorable Court.

    45. Plaintiffs' counsel's hourly rate of $175.00 falls within the prevailing market range for attorneys in Puerto Rico's legal community who handle specialized matters such as the case at bar.

    46. Since the early 2000s, this District Court has ordered—and the Department of Education has accepted—hourly rates of $200.00 or higher in cases like the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (holding a $135.00 hourly rate reasonable for a less experienced Puerto Rico attorney twenty-seven (27) years ago).

Verified Complaint
Case No. 25-cv-1308

47. The undersigned counsel's hourly rate of $175.00, billed in one-tenth (.10) increments, is reasonable considering counsel's extensive experience and proven track record in federal and state special education litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court enter judgment in their favor, holding defendants liable for the payment of attorney's fees and costs incurred in administrative due process case number QEE-2425-20-09-00581, along with any additional fees and costs incurred in the prosecution of this action, and granting such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of June 2025.

*s/ Francisco J. Vizcarrondo Torres*
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel. 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com

13